NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD MITCHELL,

          Plaintiff - Appellant,

  v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION; J. BENEVIDAZ,
Warden; PATRICK COVELLO,
Warden; HABENDANK SACKETT,
Custodial Officer; HABEDANK, Custodial
Officer; PATTERSON, Custodial
Officer; MULE CREEK STATE
PRISON; FEDEX
CORPORATION; CALIFORNIA
MEDICAL FACILITY,

          Defendants - Appellees.

No. 23-3811

D.C. No. 2:22-cv-02232-DJC-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Submitted April 22, 2025[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

California state prisoner Ronald Mitchell appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process violations related to the loss of his personal property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Mitchell's action because Mitchell failed to allege facts sufficient to state a due process claim. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (explaining that the Due Process Clause is not implicated by negligent acts by a state actor leading to loss of property); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (explaining that an "unauthorized intentional deprivation of property" by a state actor does not violate due process if a meaningful post-deprivation remedy for the loss is available); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California Law provides an adequate post-deprivation remedy for any property deprivations.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

23-3811

All pending motions and requests are denied.

**AFFIRMED.**